831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert & Lucy SKERNESS, Plaintiff-Appellants, (85-3676)
Cross-Appellees, (86-3357/3409)
v.
SEARS, ROEBUCK AND COMPANY, Defendant-Appellee, (85-3676)
Cross-Appellant, (86-3357/3409).
 Nos. 85-3676, 86-3357 and 86-3409.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1987.
 
 Before KRUPANSKY, Circuit Judge, JOHN W. PECK and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Robert and Lucy Skerness (Skerness) timely appealed from a jury verdict in favor of defendant-appellee Sears, Roebuck and Company (Sears). Skerness sought to recover damages for personal injury to his hand that he alleged was proximately caused by a defectively designed radial-arm saw purchased from Sears.
 
 
 2
 During the jury trial, Skerness introduced into evidence product standards published by the American National Standards Institute (ANSI) and called an expert witness to apply the standards to the radial-arm saw sold by Sears. Because Skerness' expert misstated the ANSI standards existing after the date that the saw was manufactured and purchased, Sears introduced subsequent ANSI standards for the purpose of impeaching Skerness' expert. The district court overruled Skerness' objection to the introduction of this evidence, reasoning that the evidence was properly employed for the purpose of impeachment.
 
 
 3
 During its case-in-chief, Sears sought to introduce expert testimony concerning the direction and angle that Skerness' hand had to have approached the saw, to have made contact with the saw blade. The expert intended to rely upon properly admitted medical testimony and other evidence to support his opinion. Skerness objected to the testimony for the reason that the expert lacked training in the medical sciences. The district court overruled the objection because the expert was qualified to employ medical evidence for the purpose of rendering the above-described nonmedical opinion.
 
 
 4
 At the conclusion of the trial, Skerness requested the issuance of a jury instruction concerning the theory of comparative negligence. The district court rejected this request for the reason that issuance of the instruction was contrary to Ohio law as interpreted by this court. The jury returned a general verdict in favor of Sears, and Skerness filed a timely appeal.
 
 
 5
 The district court then issued an order taxing costs to Skerness, from which Skerness filed a separate appeal. This court sua sponte questioned the timeliness of the separate appeal and remanded the case for further proceedings. Upon remand, the district court determined that Skerness had failed to file a timely appeal from the order taxing costs. Skerness' appeal from the determination of untimeliness was then consolidated with his appeal from the verdict.
 
 
 6
 Upon consideration of the briefs and arguments presented by counsel, together with the record herein, it is determined that the district court correctly ruled upon Skerness' objections to the introduction of evidence and that the district court properly refused to instruct the jury on the theory of comparative negligence. Further, it is determined that the untimeliness of Skerness' appeal from the order taxing costs deprived this court of jurisdiction to review the order. Accordingly, the judgment of the district court is hereby AFFIRMED.